UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION

        Plaintiff,

v.                                                 Case No. 8:08-cv-899-T-17MAP

USA FINANCIAL, LLC, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Mark J. Bernet, Receiver for USA Financial, LLC and American Financial, Inc., seeks the approval of the Court for payment of Receiver fees in the amount of $27,583.50 for the period from May 12, 2008 through July 31, 2008 (doc. 77). In the preliminary injunction (doc. 74) entered in this matter, the parties agreed to compensate the Receiver as follows:

> "[T]he Receiver is entitled to reasonable compensation for the performance of all duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred, solely from the assets now held by, or in the possession or control of, or which may be received by the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such compensation, with the first such request due prior to sixty days after the date of this Order. The Receiver shall not increase the Receiver's fee billed to the receivership estate without prior approval of the Court."

The Receiver filed detailed time records and expenses with his motion and served that information on the parties within the period proscribed by the preliminary injunction. In its response, Plaintiff does not object to the Receiver's requests. The Court presumes Defendants have no objection to the Receiver's requested relief because Defendants have failed to file a response to the Receiver's motion. *See* Local Rule 3.01(b).

The Receiver requests $27,292.50 as fees for services rendered and $291.00 for

reimbursable expenses incurred during the period from May 12, 2008 through and including July 31, 2008.  As the Supreme Court has noted:

> "The receiver is an officer of the court, and subject to its directions and orders ....  [H]e is ... permitted to obtain counsel for himself, and counsel fees are considered as within the just allowances that may be made by the court ....  So far as the allowances to counsel are concerned, it is a mere question as to their reasonableness.  Nor is there any doubt of the power of courts of equity to fix the compensation of their own receivers. That power results necessarily from the relation which the receiver sustains to the court; and, in the absence of any legislation regula[t]ing the receiver's salary or compensation, the matter is left entirely to the determination of the court from which he derives his appointment. The compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required in the management of the affairs intrusted to him, and the perplexity and difficulty involved in that management."

*Stuart v. Boulware*, 133 U.S. 78, 81-82 (U.S. 1890).  To determine reasonable compensation for the Receiver, the Court should employ the familiar lodestar approach by calculating a reasonable hourly rate in the relevant market and a reasonable number of hours expended.  *See S.E.C. v. Aquacell Batteries, Inc.*, 2008 WL 276026 *3 (M.D. Fla. 2008); *see FTC v. Peoples Credit First, LLC*, 2005 WL 3981599 *3 (M.D. Fla. 2006); *see also Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).  Here, the Receiver charged a fee of $225.00 per hour.[1]  I find this hourly rate reasonable for the Tampa market as to the services rendered and expenses incurred.  Additionally, after reviewing the time records and expenses, I find that the Receiver expended a reasonable number of hours handling the affairs of both USA Financial, LLC and American Financial Card, Inc.  In my view, he has not included any

---

[1] The Receiver reduced his standard rate of $325.00 to $225.00 for this matter, which constitutes an approximately 30% reduction.

excessive or redundant charges and has exercised proper billing judgment.[2]  Rather, as an attorney, he has provided the receivership estates with efficiencies that a non-attorney receiver would not be able to provide, such as handling legal issues that arise and attending court appearances.  Further, as noted previously, neither party has objected to the hourly rate or the hours expended by the Receiver.  Thus, I recommend that he receive a total of $27,583.50 in Receiver fees.  Accordingly, it is

    RECOMMENDED:

    1.  The Receiver, Mark J. Bernet, should receive payment for the services rendered and expenses incurred during the period from May 12, 2008 through and including July 31, 2008 in the amount of $27,583.50 allocated as follows:

        a.  The USA Financial Receivership Estate should pay Receiver fees in the amount of $13,083.75.

        b.  The American Financial, Inc. Receivership Estate should pay Receiver fees in the amount of $14,208.75.

    IT IS SO REPORTED on this 10th day of September, 2008.

*Mark A. Pizzo* (signature)
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[2]  In fact, the Receiver included numerous time entries in which he voluntarily reduced the actual time recorded.

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:
Hon. Elizabeth A. Kovachevich
Counsel of Record