UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION

        Plaintiff,

v.                                Case No. 8:08-cv-899-T-17MAP

USA FINANCIAL, LLC, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

      Mark J. Bernet, Receiver for USA Financial, LLC and American Financial Card, Inc., seeks the approval of the Court for payment of Receiver fees and expenses in the amount of $18,102.64 for the period from August 1, 2008 through December 31, 2008 (doc. 82). In the preliminary injunction entered in this matter (doc. 74), the parties agreed to compensate the Receiver as follows:

> "[T]he Receiver is entitled to reasonable compensation for the performance of all duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred, solely from the assets now held by, or in the possession or control of, or which may be received by the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such compensation, with the first such request due prior to sixty days after the date of this Order. The Receiver shall not increase the Receiver's fee billed to the receivership estate without prior approval of the Court."

The Receiver filed detailed time records and expenses with his motion. Neither Plaintiff nor Defendants Guarino, Deering and USA Financial object to the Receiver's requests. The Court presumes Defendants Buschel and American Financial Card, Inc. have no objection to the Receiver's requested relief because they have failed to file a response to the Receiver's motion. *See* Local Rule 3.01(b).

The Supreme Court has noted:

 "The receiver is an officer of the court, and subject to its directions and orders .... [H]e is ... permitted to obtain counsel for himself, and counsel fees are considered as within the just allowances that may be made by the court .... So far as the allowances to counsel are concerned, it is a mere question as to their reasonableness. Nor is there any doubt of the power of courts of equity to fix the compensation of their own receivers. That power results necessarily from the relation which the receiver sustains to the court; and, in the absence of any legislation regula[t]ing the receiver's salary or compensation, the matter is left entirely to the determination of the court from which he derives his appointment. The compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required in the management of the affairs intrusted to him, and the perplexity and difficulty involved in that management."

*Stuart v. Boulware*, 133 U.S. 78, 81-82 (1890). To determine reasonable compensation for the Receiver, the Court should employ the familiar lodestar approach by calculating a reasonable hourly rate in the relevant market and a reasonable number of hours expended. *See S.E.C. v. Aquacell Batteries, Inc.*, 2008 WL 276026 *3 (M.D. Fla. 2008); *see FTC v. Peoples Credit First, LLC*, 2005 WL 3981599 *3 (M.D. Fla. 2005); *see also Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). In addition, "requests for reimbursement of expenses must be supported by sufficient information for the Court to determine that the expenses are actual and were necessarily incurred." *Auqacell Batteries*, *supra*.

As stated in the motion, the Receiver requests $17,178.75 as fees for services rendered and $923.89 for reimbursable expenses incurred during the period from August 1, 2008 through and including December 31, 2008 (doc. 82, Exhs. A, B). During this period, the Receiver continued his investigation of the financial transactions of USA Financial, LLC and American Financial, Inc. He also obtained, transported and stored multiple vehicles and watercraft purchased with funds paid to the corporations' insiders, which should have paid trust fund taxes

for the corporations. Additionally, the Receiver has begun negotiations to dispose of the subject property and has investigated litigation options to impose a constructive trust over the vehicles for the benefit of the receivership estates.

The Receiver expended 76.35 hours during the relevant time period and charged a fee of $225.00 per hour.[1] I find this hourly rate reasonable for the Tampa market as to the services rendered. Also, after reviewing the time records, I find that the Receiver expended a reasonable number of hours handling the affairs of both USA Financial, LLC and American Financial Card, Inc. In my view, he has not included any excessive or redundant charges and has exercised proper billing judgment.[2] Rather, as an attorney, he has provided the receivership estates with efficiencies that a non-attorney receiver would not be able to provide, such as handling legal issues that arise without the assistance of outside counsel. Further, as noted previously, none of the parties has objected to the hourly rate or the hours expended by the Receiver. In addition, the Receiver has provided documentation supporting his request for fees incurred during the relevant time period. These fees appear reasonable and necessary in the administration of the receivership estates. Thus, I recommend that the Receiver receive a total of $18,102.64 in Receiver fees and expenses. Accordingly, it is

RECOMMENDED:

1. The Receiver's second application for payment for services rendered (doc. 82) should be granted.

---

[1] The Receiver reduced his 2008 standard rate of $325.00 to $225.00 for this matter.

[2] In fact, the Receiver included numerous time entries in which he voluntarily reduced the actual time recorded.

2. The Receiver, Mark J. Bernet, should receive payment for the services rendered during the period from August 1, 2008 through and including December 31, 2008 in the amount of $17,178.75 allocated as follows:

    a. The USA Financial Receivership Estate should pay Receiver fees in the amount of $4,353.75.

    b. The American Financial Card, Inc. Receivership Estate should pay Receiver fees in the amount of $12,825.00.

2. The Receiver, Mark J. Bernet, should receive payment for the expenses incurred during the period from August 1, 2008 through and including December 31, 2008 in the amount of $923.89 allocated as follows:

    a. The USA Financial Receivership Estate should pay Receiver expenses in the amount of $372.79.

    b. The American Financial Card, Inc. Receivership Estate should pay Receiver expenses in the amount of $551.10.

IT IS SO REPORTED on this 4th day of February, 2009.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).


Copies furnished to:
Hon. Elizabeth A. Kovachevich
Counsel of Record